Wilde J.
delivered the opinion of the Court. It is a familiar and well settled rule of pleading, that in declaring on a contract, the plaintiff is bound to describe it truly, and according to its legal effect; and that any material variance, however trivial, will be fatal; and that the defendant may take advantage of it on the general issue.
It is not, however, always necessary or proper to set out the entire contract, for this, when it consists of several distinct parts, might lead to unnecessary prolixity. It is sufficient to state such parts only as are material to the action. But if the parts omitted go to qualify the parts set out in the declaration, and are essential to the plaintiff’s title, the omission will be fatal. Whatever forms a constituent part of the plaintiff’s title must be truly described. A contract, therefore, in the alternative, must be so stated in the declaration.[1] And so a conditional contract must not be set out as an absolute one,[2] although it should appear by evidence, that the condition had been performed ; unless the condition be merely a defeasance of the contract, in which case it is considered as matter of defence, and may be omitted in the declaration. 6 East, 570 ; 8 East, 8 ; 2 East, 2 ; 2 Doug. 669.
According to these rules of pleading, the declaration m this case is clearly defective, and is not supported by the evidence.
It is averred in the declaration, that by the indorsement the contents of the note were ordered to be paid according to the tenor thereof, that is, on demand ; and by the indorse *440 ment it appears, that payment was not to be made until after a limited time. This is a fatal variance.
It has been argued that this limitation or restriction, as to the time of payment, is no part of the contract, as between the present parties, but a stipulation between the indorser and indorsee. But we cannot so understand the indorsement. It is very clear, we think, that the defendant had a right to avail himself of the limitation or proviso as to the time of payment; and that if this action had been commenced before the expiration of the time limited, the defendant might have barred the action by pleading the proviso. The indorsement is a constituent part of the plaintiff’s title, and an essential link in the chain of evidence ; and the proviso is a part of the indorsement, qualifying the cdntract, and ought to have been set out in the declaration with proper averments.

 See Curley v. Dean, 4 Connect. R. 265.

 Chitty’s Pl. (6th Amer ed.) 338.

 See Revised Stat. c. 90, § 105; Patterson v. Patten, 15 Mass. R 474; Bullard v. Dame, 7 Pick. 239.